BENJAMIN F. HASKIN, RESPONDENT, *v.* THE MAYOR, ETC., OF THE CITY OF NEW YORK, APPELLANT.

*Former judgment — when a bar.*

In an action by plaintiff to recover salary as an assistant clerk, defendant set up as a counter-claim that money had been paid to him as stenographer, to which he was not entitled. Upon the trial plaintiff showed that a portion of such money was paid under a judgment against the defendant in an action brought by him, in which he alleged that he was duly appointed stenographer and discharged all the duties required by law. Defendant offered to show that during the months for which his salary as stenographer was paid he was incompetent

to, and did not render any such service, and that defendant was ignorant of these facts at the time of making the payments and of the bringing of the former action. *Held*, that the first judgment was a bar, and that the evidence offered was properly excluded.

It is not permitted to a defendant to litigate several demands growing out of the same contract in several actions, all upon the same defense. The judgment in the first action is conclusive in all the other actions.

APPEAL from a judgment in favor of the plaintiff, entered by direction of the court at Circuit, in an action to recover the salary of the plaintiff, as assistant clerk of the Tenth District Court in New York city.

*Francis Lynde Stetson*, for the appellant.

*Abel Crook*, for the respondent.

BRADY, J.:

The plaintiff seeks to recover his salary as assistant clerk of the Tenth District Court. The defendants set up, as a counter-claim certain moneys paid to him as salary while stenographer of the court and prior to his appointment as assistant clerk. The plaintiff on the trial, however, interposed the record of a judgment recovered against the defendants for a part of his salary as stenographer. The defendants offered to prove, nevertheless :

First. That during the months of January, June, July, August, September, October, November and December, 1874, and the month of January, 1875, the plaintiff was as a matter of fact unable and incompetent to render any services as stenographer.

Second. That as a matter of fact he did not render any such service during either of the said months.

Third. That the payments made to him for his salary as stenographer during such months were made in ignorance of these facts.

Fourth. That the defendants had no actual knowledge of these facts at the time of the former action and judgment.

The offer was overruled and the defendants excepted. The ruling at the Circuit was correct. The judgment was a bar. It established the right of the plaintiff to his compensation as a steno grapher. (*Embury* v. *Conner*, 3 N. Y., 511; *Harris* v. *Harris*, 36

Barb., 88; *Clemens* v. *Clemens*, 37 N. Y., 59; *Gates* v. *Preston*, 41 id., 113; *Smith* v. *Hemstreet*, 54 id., 644.) The complaint on which the judgment was obtained alleged that the plaintiff was duly appointed stenographer, and thereupon entered upon his duties and duly performed all that were required of him by law and by the justice and clerk of the court. The defendants denied these allegations. It is quite apparent that they involved his ability to do the service for which he was appointed, and the judgment determines that he was. The issue created on that subject was decided in his favor. Several of the payments sought to be applied as a counter-claim were made after the judgment was recovered, and it does not appear when the payments were made, that the objection was taken that the services were not rendered.

It is quite evident that the defense, however, rested upon the incompetency of the plaintiff, and, therefore, his failure to perform the duties of his appointment would be certainly sufficient to enable the plaintiff to recover, if he attended ready to do his duty, whether required to do any thing or not. (See *Howard* v. *Daly*, 61 N. Y., 362.) His attendance does not seem to have been questioned, his competency was determined, and the determination was a bar. His competency not only could have been, but was, litigated in the action brought by him. We cannot disturb the judgment, therefore, without invading well settled principles. Suitors are supposed and required to know their rights, and if they omit to present them at the proper time, must take the consequences. If it were permitted a defendant to litigate each demand growing out of the same contract upon the same defense, there would be no stability in the judgments pronounced and no end to litigation. Judgments must have the character of finalities or they are valueless.

The judgment appealed from was rightly pronounced, and must be affirmed, with costs.

DAVIS, P. J., and DANIELS, J., concurred.

Judgment affirmed.